1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CLARENCE B. HICKMAN, SR.,                    No.  2:  13-cv-2156 KJM KJN P

12              Plaintiff,

13         v.                                      ORDER

14    STATE OF CALIFORNIA, et al.,

15              Defendants.

16

17         Plaintiff is proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. §

18    1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         The court must dismiss a complaint or portion thereof if it has raised claims that are

23    legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

24    that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25    § 1915A(b)(1),(2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

5    2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

6    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

7    1227.

8           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

13   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

14   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

15   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

17   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

18   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

19   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

20   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

21   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

22          Plaintiff first alleges that for the last 25 years, defendant Butte County District Attorney's

23   Office authorized "acts of misconduct and mistreatment" in all of his cases.  As relief in this

24   action, plaintiff seeks money damages and "expungement" of his criminal convictions.

25          Although his claims are vague and conclusory, it appears that plaintiff's request for

26   money damages against defendant Butte County District Attorney's Office are barred by Heck v.

27   Humphrey, 512 U.S. at 477 (1994).  In Heck, the Supreme Court stated:

28   ////

                                                       2

1
2
3
4
5

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

6   Heck, at 486–87.

7        Because plaintiff's criminal convictions have not been invalidated, reversed or expunged,

8   his claim for damages against defendant Butte County for alleged mishandling and mistreatment

9   of his criminal cases is most likely barred by Heck.  If plaintiff wishes to challenge "the very fact

10  or duration of his physical imprisonment, and the relief he seeks is a determination that he is

11  entitled to immediate release or a speedier release from this imprisonment," his sole federal

12  remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

13  Accordingly, this claim is dismissed with leave to amend.  Plaintiff should not reallege this claim

14  if it is Heck barred.

15        Plaintiff next alleges that for the last 25 years, defendant Butte County Public Defender's

16  Office and defendant Butte Public Defender Marshall have acted under "Washington v.

17  Strickland."  Plaintiff apparently refers to Strickland v. Washington, 466 U.S. 668, 689 (1984),

18  the Supreme Court case setting forth the standards for ineffective assistance of counsel.

19  Plaintiff is apparently claiming that he received ineffective assistance of counsel in his criminal

20  cases from defendants Butte County Public Defender and Public Defender Marshall.  Plaintiff's

21  claims against these defendants are vague and conclusory.  Moreover, a claim for damages based

22  on alleged ineffective assistance of counsel is most likely barred by Heck, supra.  To the extent

23  plaintiff seeks to challenge the validity of his conviction based on alleged ineffective assistance of

24  counsel, such claims should be raised in a petition for writ of habeas corpus.  For these reasons,

25  these claims are dismissed with leave to amend.

26        Plaintiff next alleges that for the past 25 years, defendant Butte County Sheriff's

27  Department violated consent decrees regarding mail fraud, food, visiting rights, clothing, water

28  conditions in cells and the law library.  Whether plaintiff may bring a private action for violations

1    of the alleged consent decree is not clear.  In any event, plaintiff does not describe the alleged

2    violations including when they occurred and whether he was subject to them.  Accordingly, this

3    claim is dismissed with leave to amend because it is vague and conclusory.

4    Plaintiff next alleges that for the past 25 years, defendant Butte County judges acted with

5    misconduct with respect to his cases. Plaintiff cannot name as a defendant "Butte County judges."

6    Plaintiff must identify the particular judges he is naming as defendants.  In order to evaluate this

7    claim, plaintiff must also describe the alleged misconduct.  Because this claim is vague and

8    conclusory, and because plaintiff has failed to identify the individual judges he is suing, this claim

9    is dismissed with leave to amend.

10   Plaintiff next alleges that for the past 26 years, defendant Butte County C.P. S. Office and

11   staff covered up the wrongful death of plaintiff's baby son.  Plaintiff does not describe the alleged

12   cover-up in any detail or describe the circumstances of the wrongful death of his son.  Because

13   this claim is vague and conclusory, it is dismissed with leave to amend.

14   Plaintiff next alleges that defendant Board of Prison Terms violated his First Amendment

15   rights.  It is unclear how plaintiff is claiming that the Board of Prison Terms violated his First

16   Amendment rights.  Because this claim is vague and conclusory, it is dismissed with leave to

17   amend.

18   Plaintiff next alleges that defendant State of California Hospital "is in violation of 'psych

19   medication indifferent' which kill patient."  These allegations are unclear.  For this reason, the

20   claim against this defendant is dismissed with leave to amend.

21   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

22   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

23   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

24   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

25   some affirmative link or connection between a defendant's actions and the claimed deprivation.

26   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

27   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

28   rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

2    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3    complaint be complete in itself without reference to any prior pleading.  This requirement exists

4    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7    original complaint, each claim and the involvement of each defendant must be sufficiently

8    alleged.

9         In accordance with the above, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11        2.  Plaintiff's complaint is dismissed.

12        3.  Within thirty days from the date of this order, plaintiff shall complete the attached

13    Notice of Amendment and submit the following documents to the court:

14            a.  The completed Notice of Amendment; and

15            b.  An original and one copy of the Amended Complaint.

16    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

17    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

18    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

19    Failure to file an amended complaint in accordance with this order may result in the dismissal of

20    this action.

21    Dated:  December 9, 2013

22

23    hick2156.am                                    KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

5

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE B. HICKMAN, SR.,                    No.  2:  13-cv-2156 KJM KJN P

12                    Plaintiff,

13        v.                                       NOTICE OF AMENDMENT

14   STATE OF CALIFORNIA, et al.,

15                    Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19            _____          Amended Complaint
     DATED
20

21                                      _____
                                        Plaintiff
22

23

24

25

26

27

28